**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LUCRETIA WOODS, on behalf of himself and all others similarly situated,**

**Plaintiff,**

**Case Number ________________**

**vs.**

**THE DEVEREUX FOUNDATION, INC.**

**Defendant.**
_______________________________________/

**COMPLAINT & JURY DEMAND**

The Plaintiff, Lucretia Woods (Woods) on behalf of herself and all other similarly situated, sues The Devereux Foundation, Inc. (Devereux or Defendant) for violating the overtime provision of the Fair Labor Standards Act (FLSA or Act), 29 U.S.C. §§ 207(a)(1) and 15(a)(2). This action is brought pursuant to 29 U.S.C. § 216(b). In support of this complaint Woods states as follows:

**I. Nature of Suit**

1. The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health,

efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Defendant violated the FLSA by failing to pay employees for all hours worked at the rates required by the FLSA. Devereux failed to pay all overtime wages to all case managers from the three (3) years preceding this lawsuit to on or about April 30, 2010. The employees were/are known as "case managers" working for Devereux in the state of Florida. Devereux failed to pay the class premium pay for all hours worked over forty for one or more work weeks pursuant to 29 U.S.C. § 207(a)(1). The class primarily labored for a salary. Most, if not all, class members were paid a salary of approximately $35,000.00 per year. The class members were not paid premium pay for hours worked over forty.

**II. Parties**

3. Woods has been employed by Devereux within the past three years as a case manager.

4. Devereux is a foreign corporation that conducts business in among other places in Polk County, Florida.

**III. Jurisdiction & Venue**

5. This Court has jurisdiction over Defendant, because the Defendant conducts business in Florida.

6. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 201, *et seq.*

7. Venue is proper in the Middle District of Florida because Devereux employed Woods primarily in Winter Haven, Florida.

**IV. Employer-Employee Relationship**

8. The FLSA stretches the meaning of employee to cover some parties who might not qualify as such under a strict application of traditional agency law principles. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

9. The definition of employ is broad. *Rutherford Ford Corp. v. McComb*, 331 U.S. 722, 728, 67 S.Ct. 1473, 1476 (1947).

10. In fact, it is clear that the definition of employment as it relates to the FLSA is the broadest definition that has ever been included in one act. *Shultz v. Hinojosa*, 432 F.2d 259, 264 (5th Cir. 1970).

11. Employment under the FLSA is as much a matter of circumstance as it is of consensual agreement. A relationship may exist between two parties whether or not either or both of them give it express recognition. *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969).

12. Work not requested but suffered or permitted is work time. 29 C.F.R. § 785.11.

13. Devereux and all similarly situated were required, permitted or allowed to work for Defendant throughout the State of Florida as case managers.

14. Devereux did not pay Woods and all similarly situated premium pay for hours worked over forty in a workweek.

15. The work of Woods and all similarly situated was an integrated unit of production under such circumstances that Woods and all similarly situated workers were employees of Devereux.

16. Woods and all similarly situated were economically dependent on Defendant.

17. Woods and all similarly situated suffered or were permitted to work for Defendant, during the past three (3) years, as defined by 29 U.S.C. § 203(g).

18. Devereux is considered the employer of Woods and all similarly situated as defined by 29 U.S.C. § 203(d).

19. At all material times, Devereux has been an enterprise within the meaning of § 3(r) of the Act.

20. At all material times, Devereux has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

21. Woods and all similarly situated were individually covered by the Act, pursuant to 29 U.S.C. § 202(a), as they worked on instrumentalities of commerce or handled goods moved through commerce.

22. Defendant at all material times has treated case managers in the State of Florida in the same manner.

23. At all material times, Woods and all similarly situated were individual employees who were engaged in commerce or in the production of goods for commerce as contemplated by §§ 6 & 7 of the Act.

24. At all material times, Woods and all similarly situated were individual employees who handled goods and/or utilized the instrumentalities of commerce.

**V. Factual Allegations**

25. Devereux conducts business throughout Florida.

26. Devereux paid Woods and all class members a salary for forty hours.

27. Devereux provides services to the State of Florida.

28. Devereux did not pay premium pay to Woods and all class members.

29. Devereux accepted the work of Woods and all similarly situated employees.

30. Woods and all similarly situated worked hours over forty in a workweek and were not paid for all hours worked over forty at the correct rate pursuant to the Fair Labor Standards Act.

**VI. Collective Action Allegations**

31. Woods and the class members performed the same or similar job duties as one another in that they were case managers for Devereux in the State of Florida at anytime within the past three (3) years without receiving premium pay for overtime hours. Woods and the class members were subjected to the same pay provisions in that they suffered or were permitted to work overtime but not paid at the correct rate for all hours worked. Thus, the class members are owed overtime wages for the same reasons as Woods.

32. Devereux's failure to compensate employees for all overtime wages as required by the FLSA results from a policy or practice of failure to assure correct time keeping records and payment of overtime in accordance to the FLSA . This policy or practice was applicable to Woods and the class members. Application of this policy or practice does not depend on the personal circumstances of Woods or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Woods applies to all class members. Accordingly, the class members are properly defined as: all "case managers" who worked for Devereux in Florida during anytime within the previous three (3) years of this complaint and who were not paid for all overtime worked at the correct rate.

33. Devereux knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay all overtime with respect to Woods and the class members.

34. Devereux did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**VII. Failure to pay wages in accordance with the FLSA**

35. During the relevant period, Devereux violated § 7(a)(1), § 11(c) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for all their work at a rate of one and half their regular rate or piece rate for all hours worked over forty in a

workweek. Devereux acted willfully in failing to pay Woods and the class members in accordance with the law.

Wherefore, Woods demands trial by jury, payment of her and all class members overtime wages at the correct rate pursuant to the Fair Labor Standards Act, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

Respectfully submitted this 14th day of May 2010,

Bernard R. Mazaheri
Florida Bar Number 643971
Morgan & Morgan
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
Telephone: (407) 420-1414
Facsimile: (407) 422-8925
Email -BMazaheri@forthepeople.com